# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **LINDA HERDEN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NORTHWOOD ASSET MANAGEMENT** )<br>**GROUP LLC** )<br>1517 Kenmore Ave., Ste. 4 )<br>Kenmore, NY  14217, )<br>)<br>and )<br>)<br>**John Doe 1,** )<br>)<br>Defendants. )<br>\* \* \* | Civil Action No.: 3:17-cv-4<br><br>JUDGE:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## I. Jurisdiction and Venue

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and for the related State-law claim, by 28 U.S.C. § 1367.

2. Venue is proper in this Court and district because the Defendants' acts complained of occurred in Lucas County, Ohio.

## II. Parties

3. Plaintiff Linda Herden ("Ms. Herden") is a natural person residing in Lucas County, Ohio.

4. Defendant Northwood Asset Management Group LLC ("NAMG") is a limited liability company organized under the laws of the State of New York, with a principal place of business in the State of New York.

5. The principal purpose of NAMG is the collection of debts using the mails and interstate telephone systems.

6. NAMG regularly attempts to collect debts alleged to be due another.

7. NAMG collects the debts of another as a matter of course.

8. At all times relevant to this case, NAMG was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

9. Defendant John Doe 1 ("Mr. Doe") is an individual natural person.

10. Mr. Doe's true name and address are not known, but he has used the name "Shawn Ambrose" or a name that sounds similar.

11. Upon information and belief, Mr. Doe resides in the State of New York.

12. Mr. Doe regularly attempts to collect debts alleged to be due another.

13. Mr. Doe collects the debts of another as a matter of course.

14. At all times relevant to this case, Mr. Doe was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

15. Upon information and belief, at all times relevant to this case, Mr. Doe was employed by NAMG.

16. At all times relevant to this case, Mr. Doe acted as an agent of NAMG.

### III. Factual Allegations

17. In 2015, Ms. Herden obtained a high-interest loan to try to make ends meet (the "Loan").

18. According to Defendants, Ms. Herden did not repay the Loan and owed a balance (the "Alleged Debt").

19. Ms. Herden incurred the Loan for her personal, family or household use.

20. At all times relevant, Ms. Herden has had a reduced income.

21. Beginning in mid to late November 2016, Defendants made a series of phone calls to Ms. Herden's cell phone. Ms. Herden was in Lucas County, Ohio when each of the calls was made.

22. For some of the calls, Ms. Herden spoke to Mr. Doe, and for others, she did not answer.

23. During one conversation between Ms. Herden and Mr. Doe, he mentioned the name of Ms. Herden's employer's human resources manager, and told Ms. Herden that he had the name of her human resources person, and was waiting on her to call him back. Mr. Doe also suggested to Ms. Herden that they would have a "judgment" against her.

24. In one voice message Mr. Doe left for Ms. Herden, he referred to a "settlement" and wanted Ms. Herden to give him her debit card number to pay on the Alleged Debt.

25. In another voice message Mr. Doe left for Ms. Herden, he referred to himself as the "director of the claims department" for NAMG, and told her "this call is to notify you that we have been granted with a petition today to put a hold on the personal financial assets [of] Linda Herden, social security number ending in [last four digits of Ms. Herden's social security number]. The petitioner has asked us to place a hold on any and

all personal financial assets up to and including an active checking or savings account, um, wage garnishment program through your employer, and a hold on any tax returns from 2016, 2017. This is in response to your neglect to respond to submit any type of physical evidence proving that you do want to resolve your complaint case settling fraudulent activity between you and check n go. Now I have three days to make a decision on submitting the writ of execution for this process. I'm giving you a heads up. Um, my number here is 716-256-1657. That's 716-256-1657. You're in a State that does not protect you at this point, and if the petition goes into place, it will affect any and all personal financial assets, including you and your spouse if you have one. Give me a call to discuss this information in detail before I make my decision by the end of this week. Thank you."

26. At all times relevant, Ms. Herden has had the same phone number and address as when she took out the Loan.

27. Upon information and belief, Defendants contacted Ms. Herden's employer regarding the Alleged Debt, and not for the purpose of acquiring location information. Defendants did not have the consent of Ms. Herden to do so, did not have a judgment against Ms. Herden, and did not have the express permission of a court of competent jurisdiction to do so.

28. At all times relevant, there was no claim pending against Ms. Herden relating to the Alleged Debt in any court of competent jurisdiction.

29. Upon information and belief, Defendants' normal business practices do not include filing court cases against Ohio debtors.

30. Upon information and belief, at all times relevant, Defendants had no intent to file suit against Ms. Herden, and had not been "granted a petition."

31. Upon information and belief, at all times relevant, Defendants had no authority from a creditor to file a court case against Ms. Herden relating to the Alleged Debt.

32. At all times relevant, Defendants had no authority to "put a hold on" any assets of Ms. Herden, her wages, or tax returns.

33. Under Ohio law, a non-governmental creditor such as a lender for the Loan, cannot initiate a wage garnishment or otherwise execute on assets of an Ohio debtor, without filing a civil law suit, and obtaining a judgment first.

34. At all times relevant, Ms. Herden was not familiar with relevant law, and feared that her wages would be garnished, and that her financial affairs would be harmed by Defendants.

35. Defendants do not "follow the law to the letter," regarding their methods of attempting to collect debts.

36. Defendants have not sent Ms. Herden any written communication, through December 29, 2016.

37. Mr. Doe failed, in each of his communications, to disclose NAMG's true name ("Northwood Asset Management Group LLC").

38. As a result of Defendants' actions, Ms. Herden has suffered actual damages, including but not limited to, significant stress, worry, frustration, embarrassment, aggravation, and inconvenience.

### IV. First Claim for Relief – Violations of the Fair Debt Collection Practices Act

39. Plaintiff incorporates by reference all of the above allegations.

40. Defendants' actions violated 15 U.S.C. § 1692c(b).

41. Defendants' actions violated 15 U.S.C. § 1692e, e(2), e(4), e(5), e(10) and e(14).

42. Defendants' actions violated 15 U.S.C. § 1692f and f(6).

43. Defendants' actions violated 15 U.S.C. § 1692g.

44. As a result of the above violations of the FDCPA, Ms. Herden has suffered actual damages.

### V. Second Claim for Relief – Invasion of Privacy (Intrusion Upon Seclusion)

45. Plaintiff incorporates by reference all of the above allegations.

46. Defendants engaged in a campaign to harass and deceive Ms. Herden to try to convince her to pay the Alleged Debt.

47. Defendants' actions, as described above, were a wrongful intrusion into Ms. Herden's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

48. Defendants' actions caused Ms. Herden to be worried, nervous and apprehensive.

49. Ms. Herden has at times been highly upset at Defendants' actions.

50. As a proximate cause of Defendants' actions and practices, Ms. Herden suffered actual damages, including mental distress, inconvenience, outrage, anger, aggravation, frustration, anxiety, and physical and mental stress.

51. The acts of Defendants were reckless, wanton, willful and gross.

52. Defendants' conduct was characterized by actual malice.

53. Defendants' conduct was characterized by hatred, ill will or a spirit of revenge.

54. Defendants' conduct demonstrates a total and conscious disregard for the law and the rights of Ms. Herden.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants jointly and severally for the following:

A) Actual damages as determined by the trier of fact.

B) Punitive damages as determined by the trier of fact.

C) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

D) Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

E) Interest as allowed by law.

F) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury to hear and determine the issues of the above-captioned case.

Date: January 2, 2017

Respectfully submitted,

/s/  Gregory S. Reichenbach

_____
Gregory S. Reichenbach   (Ohio Bar #0077876)
P.O. Box 711
Perrysburg, OH 43552-0711
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com

Attorney for Plaintiff